

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2004

# Mantz v. Steven Singer

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2731

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Mantz v. Steven Singer" (2004). *2004 Decisions*. Paper 621.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/621

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

NO. 03-2731

———

PETER MANTZ,
                    Appellant

v.

STEVEN SINGER JEWELERS
and STEVEN SINGER

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 01-CV-06351)
District Judge:  Hon. Mary A. McLaughlin

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2004

Before:  SCIRICA, *Chief Judge*, FISHER, and ALARCÓN[*], *Circuit Judges*

(Filed  June 3, 2004)

———

OPINION OF THE COURT

ALARCÓN, *Circuit Judge*.

Peter Mantz appeals from the final order of the district court denying his petition

for an award of attorney's fees in the amount of $31,083.  Instead, the court awarded a

———

[*]    Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

total of $17,040 in attorney's fees and $1,545.99 in costs. Mr. Mantz contends that the district court erred as a matter of law in failing to award attorney's fees at his requested rate of $250 per hour and in calculating the number of hours expended by his counsel in this matter. He also asserts that the district court erred in failing to hold a hearing to determine the amount of attorney's fees that should be awarded. We affirm because we conclude that the district court applied the correct legal standards and did not abuse its discretion in its award of attorney's fees.

I

This action arose out of a dispute between Mr. Mantz and his former employer, Steven Singer Jewelers, and his boss, Steven Singer (collectively "Singer"), over the alleged nonpayment of overtime wages, as well as for all of the hours he had worked. On December 13, 2001, Mr. Mantz filed an action in district court for overtime pay pursuant to the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§ 201, 216(b). He also filed a supplemental claim for payment of unpaid wages under the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. §§ 260.1, 260.9a.

On August 14, 2002, Mr. Mantz was awarded $25,000 following an arbitration hearing pursuant to E.D. Pa. Local R. Civ. P. 53.2(3)(A)[1]. Mr. Mantz filed an attorney's

---

[1] Local Rule 53.2(3)(A) provides in pertinent part: "The Clerk of Court shall . . . designate and process for compulsory arbitration all civil cases . . . wherein money damages only are being sought in an amount not in excess of $150,000.00 exclusive of interest and costs."

fees petition on August 28, 2002 pursuant to 29 U.S.C. § 216(b)[2].

On September 4, 2002, Singer requested a trial de novo in the district court[3]. On the same day, Singer offered to settle the dispute for a total of $15,000, including an award for past wages, overtime pay, attorney's fees and costs. Mr. Mantz rejected the offer. On October 25, 2002, the district court dismissed without prejudice the petition for attorney's fees for the time expended in the arbitration proceedings.

At trial, Mr. Mantz argued that he was entitled to an award of $23,498.43 in overtime pay and regular wages. The district court found for Mr. Mantz on both claims and awarded him a total of $5,376 in overtime pay, unpaid regular wages, and liquidated damages. It also held that Mr. Mantz was entitled to reasonable attorney's fees and costs.

On March 28, 2003, Mr. Mantz filed a petition for $31,083 in attorney's fees and $1,545.99 in costs pursuant to 29 U.S.C. § 216(b). Singer filed its opposition on April 4, 2003. On May 7, 2003, the district court filed an order awarding Mr. Mantz $14,360 in attorney's fees and $1,545.99 in costs.

On May 22, 2003, Mr. Mantz filed a motion to alter or amend the judgment in which he requested an additional award of attorney's fees for the time expended in the trial before the district court. On June 3, 2003, the district court amended the judgment

---

[2] Section 216(b) provides as follows, in pertinent part: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

[3] Local Rule 53.2(7)(A) provides: "Within thirty (30) days after the arbitration award is entered on the docket, any party may demand a trial de novo in the district court."

3

and awarded Mr. Mantz an additional $2,680 in attorney's fees. Mr. Mantz has timely appealed from the district court's award of attorney's fees.

II

Mr. Mantz contends that the district court erred as a matter of law in applying the appropriate legal standards in determining its award of attorney's fees. The reasonableness of a district court's award of attorney's fees is reviewed for abuse of discretion. This court reviews de novo "the standards and procedures applied by the District Court in determining attorneys' fees." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001). This court will disturb findings of fact only if they are clearly erroneous. *Id.*

The standards and procedures that must be applied in calculating attorney's fees are set forth in *Loughner*. They can be summarized as follows:

> One. "[A] party opposing [a] fee award has the burden to challenge [the amount requested] 'by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.'" *Loughner*, 260 F.3d at 178 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990)).
>
> Two. A "district court cannot decrease a fee award based on factors not raised at all by the adverse party." *Id.* (internal quotation marks omitted).
>
> Three. A district court must articulate the findings that support its award and set forth its reasons for concluding that it is reasonable, to provide this court with a basis for review. *Id.* at 179. Failure to do so may compel a remand for analysis and findings. *Id.*

4

Four. "[I]n calculating the hours reasonably expended, the District Court should review the time charged, decide whether the hours set forth were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Id.* at 178 (internal quotation marks omitted).

Five. "Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Id.* at 180.

Six. In fixing the hourly rate, "[t]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (internal quotation marks omitted).

Seven. "The starting point in ascertaining a reasonable hourly rate is the attorney's usual billing rate, but this is not dispositive." *Id.* (internal quotation marks omitted).

The record shows that Singer and the district court followed each of the standards and procedures required by this circuit in assessing the reasonableness of a petition for attorney's fees. Singer filed a brief specifically challenging the number of hours Mr. Mantz claims his attorney expended in this matter, and the requested hourly rate. The district court did not decrease the fee award based on factors not raised by Singer in its opposition brief, nor did it just accept Singer's objections. After performing "a line by line review of the fee request," the district court set forth its reasons for reducing the number of hours and the hourly rate claimed by Mr. Mantz's counsel in a fourteen-page memorandum and order. It contains sufficient analysis and findings for a meaningful

5

review.  The court articulated the bases for excluding hours that it determined were excessive and unnecessary.

In assessing the reasonableness of the hourly rate asserted by Mr. Mantz's counsel, the court properly considered counsel's usual billing rate, the Community Legal Services' Fees Schedule, its perception of counsel's skill and experience during the trial of the underlying matter, as well as the quality of his moving papers.  A court may "reduce requested fees with respect to matters within the judge's personal knowledge." *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3rd Cir. 1989).

We conclude that the district court did not err in following the appropriate legal standards and procedures nor did it abuse its discretion in the total amount of attorney's fees awarded to Mr. Mantz.

### III

Mr. Mantz maintains that the district court considered improper factors in determining a reasonable hourly rate for counsel's services.  First, he asserts that the district court improperly considered the attorney's fees in proportion to the award he received for overtime pay and unpaid wages.  The court did not compare the amount awarded to Mr. Mantz and the amount requested for attorney's fees.  The district court stated:

> Given the relative simplicity of this case, its barely successful
> outcome when one considers the amount of money sought by
> the plaintiff, and Mr. Agre's skill as observed by this Court at
> trial and in the pleadings he has submitted, the Court

6

exercises its discretion to apply an hourly rate of $200 for Mr. Agre's work.

The court's comparison was between the $23,498.43 requested in overtime pay and unpaid wages and the amount of $5,376 actually awarded as reflecting on counsel's questionable skill and experience in assessing the value of his client's claim.

Mr. Mantz also argues that the district court improperly considered Singer's Rule 68 offer in reducing attorney's fees. The record does not support this contention. The court did not determine that it was unreasonable to continue litigating the case after the Rule 68 settlement offer was made. The court stated that it decreased the amount of the requested fees "under the general reasonableness approach."

IV

Mr. Mantz further maintains that the district court abused its discretion because it did not hold a hearing to determine how much time his attorney actually expended in prosecuting the underlying matter. Rule 78 of the Federal Rules of Civil Procedure authorizes district courts to decide motions without a hearing: "To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." The District Court for the Eastern District of Pennsylvania has adopted Local Rule 7.1(f). It provides as follows: "Any interested party may request oral argument on a motion. The court may require oral argument, whether or not requested by a party. *The court may dispose of a motion without oral argument.*" (emphasis added).

7

Mr. Mantz has failed to cite any authority that requires a hearing to review a petition for attorney's fees. There is no factual dispute between the parties as to whether Mr. Mantz's attorney expended the claimed hours–the dispute is whether the expended hours were necessary. The district court did not abuse its discretion in denying Mr. Mantz's motion for an evidentiary hearing on the amount of time expended in this matter. It reviewed memoranda submitted by Mr. Mantz's counsel, the several pleadings he filed, and his performance in court.

We affirm because we hold that the district court applied the correct legal standards and did not abuse its discretion in determining a reasonable attorney's fees award.